IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHYPHARM, S.A., a French Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| BARR LABORATORIES, INC., a Delaware | ) | |
| Corporation, and BARR PHARMACEUTICALS, INC., | ) | |
| a Delaware Corporation | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Ethypharm, S.A. ("Plaintiff"), as and for its Complaint against Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively "Defendants" or "Barr"), allege as follows:

## THE PARTIES

1.      Plaintiff Ethypharm, S.A. ("Ethypharm") is a French corporation, having a principal place of business at 21 rue Saint Matthieu 78550, Houdan, France. As part of its business, Ethypharm is involved in the research, development, manufacturing, and licensing of pharmaceutical products. Ethypharm appears as a Plaintiff in this action by virtue of being the record owner of U.S. Patent No. 5,464,632 ("the '632 Patent"). Ethypharm seeks relief in this action solely in respect to the '632 Patent.

2.      On information and belief, Defendant Barr Laboratories Inc. ("Barr Laboratories") is a Delaware corporation, having a principal place of business located at 2

Quaker Road, P.O. Box 2900, Pomona, NY 10970, and is engaged in the manufacture and sale of pharmaceutical products.

3.    On information and belief, Defendant Barr Pharmaceuticals, Inc. ("Barr Pharmaceuticals") is a Delaware corporation, having a principal place of business located at 400 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.   On information and belief, Barr Pharmaceuticals is engaged in the manufacture and sale of bulk pharmaceutical products.

4.    On information and belief, Barr Pharmaceuticals owns 100% of the ownership and voting interest in Barr Laboratories.

5.    On information and belief, Barr Laboratories is controlled and/or dominated by Barr Pharmaceuticals.

6.    On information and belief, Barr Pharmaceuticals conducts its North American operations, in part, through Barr Laboratories.

## JURISDICTION AND VENUE

7.    This action arises under the patent laws of the United States of America, Title 35, United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.    Barr Laboratories is subject to personal jurisdiction in this District by virtue of, *inter alia*, its incorporation in Delaware, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial and continuing contacts with the State.

9.    On information and belief, Barr Pharmaceuticals regularly transacts business within this District, including but not limited to directing the operations and management of Barr Laboratories, as well as shipping pharmaceuticals to Barr Laboratories for

-2-

distribution by Barr Laboratories within the United States generally, and within this District specifically.

10.     On information and belief, Barr Laboratories acts as an agent of Barr Pharmaceuticals with respect to the acts complained of herein.

11.     On information and belief, the acts of Barr Laboratories complained of herein were done at the direction of, with the authorization of, with the cooperation, participation, and assistance of, and, in part, for the benefit of Barr Pharmaceuticals.

12.     Barr Laboratories acts and contacts with this District, as an agent of Barr Pharmaceuticals, are attributable to Barr Pharmaceuticals for jurisdictional purposes.

13.     Barr Laboratories is subject to the personal jurisdiction in this District by virtue of, *inter alia*, its incorporation of Barr Pharmaceuticals in Delaware, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial and continuing contacts with the State.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), and 1400(b).

## FACTS PERTINENT TO ALL CLAIMS FOR RELIEF

15.     On November 7, 1995, the PTO issued U.S. Patent No. 5,464,632, entitled "Rapidly Disintegratable Multiparticular Tablet," to Laboratoires Prographarm, the assignee of the named inventors Gerard Cousin, Etienne Bruna, and Edouard Gendrot.     Laboratoires Prographarm granted Takeda Pharmaceutical Company Limited an exclusive license in the field of proton pump inhibiting compounds to the '632 Patent with the right to sublicense.     Plaintiff Ethypharm subsequently acquired Laboratoires Prographarm and is the record owner of the '632

-3-

Patent. On February 20, 2001, the PTO issued a Reexamination Certificate for the '632 Patent. A copy of the '632 Patent and its Reexamination Certificate is attached hereto as Exhibit A.

16.     On August 30, 2002, the United States Food and Drug Administration ("FDA") approved New Drug Application ("NDA") No. 21-428 for lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg. Takeda's wholly owned subsidiary, TAP Pharmaceutical Products, Inc., is the holder of NDA No. 21-428 for lansoprazole delayed release orally disintegrating tablets, which it sells under the name Prevacid® SoluTab™.

17.     The '632 Patent is one of the patents listed in a publication entitled *Approved Drug Products with Therapeutic Equivalence Evaluations* (known as the "Orange Book") as covering Prevacid® SoluTab™, delayed release orally disintegrating tablets, 15 and 30 mg.

18.     On information and belief, Defendants collaborate in the manufacture, marketing and sale of many pharmaceutical products (including generic drug products manufactured and sold pursuant to an approved abbreviated new drug application) within the United States generally and the State of Delaware specifically.

19.     On information and belief, Defendants reviewed the patent-in-suit and certain commercial and economic information relating to Prevacid® SoluTab™, including estimates of the revenues generated by the sale of Prevacid® SoluTab™, and decided to file an Abbreviated New Drug Application ("ANDA"), seeking approval to market lansoprazole delayed release orally disintegrating tablets.

20.     On information and belief, Defendants collaborated in the research, development, preparation and filing of Abbreviated New Drug Application ("ANDA") No. 90-152 for lansoprazole delayed release orally disintegrating tablets.

-4-

21.     On information and belief, Defendants submitted to FDA ANDA No. 90-152 seeking approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg, prior to the expiration of the patent-in-suit.

22.     Ethypharm has received a letter dated April 24, 2008 from Defendants notifying it that Barr's ANDA No. 90-152 includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification") that, in Barr's opinion, the patent-in-suit is invalid, unenforceable or will not be infringed by the commercial manufacture, use or sale of the lansoprazole delayed release orally disintegrating table products described in ANDA No. 90-152.

23.     On information and belief, Defendants made the ultimate decision to file ANDA No. 90-152 with the FDA and the Paragraph IV certification.

24.     On information and belief,  Defendants were necessarily aware of the patent-in-suit when they filed ANDA No. 90-152 and the Paragraph IV certification.

25.     Ethypharm commenced this action within 45 days of the date they received Barr's notice of ANDA No. 90-152 containing the Paragraph IV certification.

26.     On information and belief,  Defendants continue to collaborate in seeking approval of ANDA No. 90-152 from the FDA and intend to collaborate in the commercial manufacture, marketing, and sale of lansoprazole delayed release orally disintegrating tablets (including commercial marketing and sale of such products in the State of Delaware) in the event that FDA approved ANDA No. 90-152.

## FIRST CLAIM FOR RELIEF

### DIRECT INFRINGEMENT OF THE '632 PATENT BY BARR

27.     Ethypharm repeats and realleges each and every allegation contained in paragraphs 1 through 26 hereof, as if fully set forth herein.

28.     Through the conduct alleged above, Barr has directly infringed, and continues to directly infringe, one or more claims of the '632 Patent.

29.     By filing ANDA No. 90-152 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg, prior to the expiration of the '632 Patent, Barr has infringed the '632 Patent under 35 U.S.C. § 271(e)(2).

30.     Barr was aware of the existence of the '632 Patent prior to filing ANDA No. 90-152, but took such action knowing that it would constitute an infringement of the '632 Patent.

31.     On information and belief, Barr acted without a reasonable basis for a good faith belief that it would not be liable for infringing the '632 Patent.

32.     Barr's conduct renders this case "exceptional" as described in 35 U.S.C. § 285.

33.     Ethypharm will be irreparably harmed if Barr is not enjoined from infringing the '632 Patent.

## SECOND CLAIM FOR RELIEF

### INDUCEMENT OF INFRINGEMENT OF THE '632 PATENT BY BARR

34.     Ethypharm repeats and realleges each and every allegation contained in paragraphs 1 through 33 hereof, as if fully set forth herein.

-6-

35.     Through the conduct alleged above, Barr Pharmaceuticals has knowingly and actively induced Barr Laboratories to infringe, and continue to infringe, one or more claims of the '632 Patent.

36.     By reason of Barr Pharmaceuticals' inducement of Barr Laboratories direct infringement of the '632 Patent, Barr Pharmaceuticals has caused and continues to cause irreparable harm to Plaintiff.

37.     On information and belief,  Barr Pharmaceuticals' inducement of Barr Laboratories direct infringement of the '632 Patent will continue unless enjoined by this Court.

38.     Plaintiffs have no adequate remedy at law for Barr Pharmaceuticals' inducement of Barr Laboratories direct infringement of the '632 Patent.

39.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

WHEREFORE, Ethypharm respectfully request the following relief:

A.     An order adjudging and decreeing that Barr has infringed the patent-in-suit;

B.     An order adjudging and decreeing that Barr has induced infringement of the patent-in-suit;

C.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 90-152  be no earlier than the expiration date of the patent-in-suit, including any extensions;

D.     A preliminary and permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) restraining and enjoining Barr, their officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture,

use, offer for sale, or sale within the United States, or importation into the United States, of the

lansoprazole products described in ANDA No. 90-152 or any other ANDA not colorably

different from ANDA No. 90-152 until the expiration date of the patent-in-suit, including any

extensions;

        E.    A declaration that this case is exceptional and an award of

attorneys' fees under 35 U.S.C. § 285 and costs and expenses in this action; and

        F.    Such other and further relief as the Court may deem just and

proper.

OF COUNSEL:

Paul Ragusa
Lisa Kole
Sandra Lee
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, NY 10012
212-408-2500

Dated: June 9, 2008

_____
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302-651-7700

*Attorneys for Ethypharm, S.A.*

# EXHIBIT A

RLF1-3290909-1

US005464632A

# United States Patent [19]

## Cousin et al.

[11] **Patent Number:** 5,464,632

[45] **Date of Patent:** Nov. 7, 1995

[54] **RAPIDLY DISINTEGRATABLE MULTIPARTICULAR TABLET**

[75] Inventors: **Gérard Cousin**, Gallardon; **Etienne Bruna**, Chartres; **Edouard Gendrot**, Vernouillet, all of France

[73] Assignee: **Laboratoires Prographarm**, Chateauneuf, France

[21] Appl. No.: **346,324**

[22] Filed: **Nov. 29, 1994**

### Related U.S. Application Data

[63] Continuation of Ser. No. 35,355, Mar. 22, 1993, abandoned.

[30] **Foreign Application Priority Data**

Jul. 22, 1991 [FR] France ............... 91 09245

[51] Int. Cl.$^6$ ........................................ **A61K 9/20**
[52] U.S. Cl. ................... **424/465**; 424/458; 424/489
[58] Field of Search ...................... 424/458, 440, 424/465, 428, 441, 473, 489

[56] **References Cited**

#### U.S. PATENT DOCUMENTS

4,915,953   4/1990   Jordan et al ............... 424/473

5,073,374   12/1991   McCarty ............... 424/465
5,073,377   12/1991   Alexander et al ............... 424/465
5,215,756   6/1993   Gole et al ............... 424/441

#### FOREIGN PATENT DOCUMENTS

0255002   7/1987   European Pat. Off.
0281200   2/1988   European Pat. Off.
0408273   7/1990   European Pat. Off.

Primary Examiner—Thurman K. Page
Assistant Examiner—William E. Benston, Jr.
Attorney, Agent, or Firm—Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.

[57]                    **ABSTRACT**

Rapidly disintegratable multiparticulate tablet the excipient mixture of which is suitable for imparting a disintegration rate such that the tablet disintegrates in the mouth in an extremely short time, notably in less than sixty seconds, characterized by the fact that the active substance is present in the form of coated microcrystals or coated or uncoated microgranules.

**6 Claims, No Drawings**

5,464,632

1

## RAPIDLY DISINTEGRATABLE MULTIPARTICULAR TABLET

This application is a continuation of application Ser. No. 08/035,355, filed Mar. 22, 1993, abandoned.

The invention relates to a rapidly disintegrable multiparticulate tablet, i.e. a pharmaceutical presentation for oral administration whose disintegration rate is such that, when it is placed into the buccal cavity and particularly on the tongue, it disintegrates in less than sixty seconds providing with the saliva present a suspension easy to be swallowed.

The disintegration rate is obtained due to a mixture of excipients or vehicles which comprises generally a disintegrating agent which may consist of a carboxymethylcellulose and a swelling agent which may consist of modified starch.

The active substance or principle is mixed with the abovesaid vehicles, the mixture then being tabletted after addition of a lubricant such as, for example, magnesium stearate.

The Applicants have had the merit of having found that it was possible, unexpectedly and surprisingly, to introduce into a multiparticulate tablet with high disintegration rate such as hereabove defined, the active substance in the form of coated or non-coated microcrystals or microgranules; thus, the physician has at his disposal a rapidly disintegratable multiparticulate tablet proper to facilitate the taking by the patient of most diversified active substances and especially of those whose taste is particularly unpleasant, the said tablet permitting the taking of the said active substances with as diversified features as gastroresistance and controlled release due to the fact that the said coated or non-coated microcrystals and microgranules preserve, after having been shaped in the form of a multiparticulate tablet, their initial properties amongst which masking of taste, gastroresistance and controlled release of the active principle.

Consequently, the rapidly disintegratable multiparticulate tablet according to the invention, which can be used for human beings and for animals, the excipient mixture of which is such as to provide it with a disintegration rate so that its disintegration in the buccal cavity occurs in an extremely short time and especially shorter than sixty seconds, is characterized by the fact that the active substance is in the form of coated or non-coated microcrystals or microgranules with modified action or non-modified action.

According to an advantageous embodiment of the abovesaid tablet, the mixture of excipients comprises one or several disintegrating agents of the carboxymethylcellulose type or insoluble reticulated PVP type, one or several swelling agents which may consist of a carboxymethylcellulose, a starch, a modified starch, for instance a carboxymethylated starch, or a microcrystalline cellulose, and possibly a direct compression sugar consisting for example of 92% of dextrose.

According to an advantageous embodiment, the tablets according to the invention, wherein the active substance is in the form of coated microcrystals, comprise as active substance at least one of those of the group comprising the gastrointestinal sedatives, the antacids, the analgesics, the anti-inflammatory agents, the coronary vasodilators, the peripheral and brain-vasodilators, the anti-infectious agents, the antibiotics, the antiviral agents, the antiparasitic agents, the anticancerous drugs, the antianxiety agents, the neuroleptic drugs, the agents stimulating the central nervous system, the antidepressant drugs, the antihistaminic agents, the antidiarrheal agents, the laxatives, the nutritional supple-

2

ments, the immunodepressant drugs, the cholesterol lowering agents, the hormones, the enzymes, the antispasmodic agents, the antiangorous agents, the drugs acting on the rhythm of the heart, the drugs used in the treatment of arterial hypertension, the anti-migraine agents, the drugs acting on blood coagulability, the antiepileptic agents, the myorelaxing agents, the drugs used in the treatment of diabetes, the drugs used in the treatment of thyroidal dysfunctions, the diuretical agents, the anorexigenic drugs, the antiasthmatic agents, the expectorants, the antitussive agents, the mucoregulators, the decongestants, the hypnotics, the antinauseous agents, the hematopoietical agents, the uricosuric agents, the plant extracts, the contrast mediums.

According to another advantageous embodiment, the tablets according to the invention, wherein the active substance is present in the form of coated or non-coated microgranules with modified action or non-modified action, comprise as active substance at least one of those of the group comprising the gastrointestinal sedatives, the antacids, the analgesics, the anti-inflammatory agents, the coronary vasodilators, the peripheral and brain-vasodilators, the anti-infectious agents, the antibiotics, the antiviral agents, the antiparasitic agents, the anticancerous drugs, the antianxiety agents, the neuroleptic drugs, the agents stimulating the central nervous system, the antidepressant drugs, the antihistaminic agents, the antidiarrheal agents, the laxatives, the nutritional supplements, the immunodepressant drugs, the cholesterol lowering agents, the hormones, the enzymes, the antispasmodic agents, the antiangorous agents, the drugs acting on the rhythm of the heart, the drugs used in the treatment of arterial hypertension, the anti-migraine agents, the drugs acting on blood coagulability, the antiepileptic agents, the myorelaxing agents, the drugs used in the treatment of diabetes, the drugs used in the treatment of thyroidal dysfunctions, the diuretical agents, the anorexigenic drugs, the antiasthmatic agents, the expectorants, the antitussive agents, the mucoregulators, the decongestants, the hypnotics, the antinauseous agents, the hematopoietical agents, the uricosuric agents, the plant extracts, the contrast mediums.

The use of the tablet according to the invention is especially advantageous due to the fact that it may be very easily used by any users. The said tablet can be taken in any condition (when working, when travelling and so on), without a glass and without water. It constitutes an "ambulatory" pharmaceutical presentation which can advantageously be used instead of numerous pharmaceutical presentations such as sachets, effervescent tablets, drinkable ampoules, capsules, traditional tablets and so on.

Its very easy facility of administration is especially interesting when it is necessary that young children or old people take therapeutical substances, i.e. populations which often have swallowing difficulties, i.e. populations which keep the drug in the mouth and which are unable to swallow it. Contrary to the traditional tablet or to the capsule, the tablet according to the invention offers in connection with such populations an advantage of security as, as soon as it is introduced in the mouth, it provides a therapeutical protection.

On the other hand, it is important to emphasize that, even directly swallowed with a little water for example, the said tablet preserves its rapid disintegration rate within the stomach. This type of administration will again raise no security problem.

Furthermore, the tablet according to the invention provides a further big advantage with respect to tablets or simple capsules. In fact until today, people who need to swallow a tablet or a capsule under the above-mentioned

5,464,632

3

conditions (during working, during travelling, without water and without a glass), swallowed the said tablet or capsule without water and that could be dangerous as the tablet or capsule can block in the esophagus and provide thus an important delay as far as absorption of the active principle is concerned or even an ulceration at the level of the esophagus. Similarly, the fact that, on the one hand, the active principle is coated and, on the other hand, that it is present in the form of a multiparticulate tablet, prevents agressive active principles causing ulcerations of the esoph- agial or gastric mucous membranes, phenomenon which is sometimes caused by certain pharmaceutical presentations which are monolithic, especially when the patient suceeeds in swallowing them with a little water or no water.

Another advantage of the tablet according to the inven- tion is that the said tablet has not the well-known drawbacks of effervescent tablets as for instance the taste which is very unpleasant to the child, the high sodium content which is disturbing to people which must follow a diet without sodium and finally the necessity of having water and a glass for its administration.

Furthermore, it permits the formulation of certain active principles which are not adapted to a previous extracorpo- real dissolution and which consequently can be contem- plated only under a dry form, which prevents their use in effervescent tablets; consequently, the tablet according to the present invention has all the advantages of the dry forms, i.e. the stability as well as the facility of packaging and storage.

On the other hand, this new pharmaceutical form may contain if necessary two or several active principles which are usually incompatible with one another and this without alteration of their stability.

Another advantage of the tablet according to the inven- tion consists in the possibility of taking by the patient of doses of active principle which are more important than in the past. As a matter of fact as the said tablet is not to be swallowed under its initial form but after disintegration within the buccal cavity, its size might be greater than that of a classical pharmaceutical form which must be adapted to be swallowed without disturbing the taking of the drug.

Finally, the tablet according to the invention has all the advantages of coated particles which permit to obtain espe- cially a taste-masking, a gastroresistance, a delayed release as well as all the advantages of the multiparticulate forms with modified action or non-modified action, i.e. a great exchange surface, the dispersion, less inter- and intra-indi- vidual variations, a very reduced gastric empting influence, a very reduced intestinal transit time influence as well as reduced pH influence in the digestive tract, reduced influ- ence of the viscosity and consequently of food and of the position of the body, without local toxic manifestation.

The preparation of the rapidly disintegratable multipar- ticulate tablets according to the invention is as follows or similar.

When the active principle is in the form of coated microcrystals, it is possible to proceed as follows.

The microcrystals are coated by way of a process known by itself such as, for example, the fluidized air bed, the coacervation and the microencapsulation.

4

The mixture of excipients is then prepared by the dry- or wet-granulation method.

Then, the coated microcrystals are mixed under dry conditions with the mixture of excipients before compres- sion.

The preparation of the tablet according to the invention wherein the active principle is in the form of coated or non-coated microgranules, may be as follows.

The active principle is put in the form of microgranules by way of a method known by itself such as, for example, extrusion-spheronisation, manufacture in pan, fluidized air bed and so on.

Once obtained, these microgranules are coated if neces- sary in a pan or in a fluidized air bed.

The mixture of excipients is then prepared by the dry- or wet-granulation method.

Then, the coated or non-coated microgranules are mixed under dry conditions with the mixture of excipients before compression.

The invention may even be better understood by way of the following non-limitating examples which relate to advantageous embodiments of the invention.

EXAMPLE 1

Rapidly disintegratable multiparticulate tablet based on coated crystals of paracetamol.

Tablets according to the invention are prepared whose composition is as follows.

| Formula: | |
| --- | --- |
| coated paracetamol (with 6% ethylcellulose) | 530 mg |
| direct compression sugar | 160 mg |
| microcrystalline cellulose | 90 mg |
| reticulated polyvinylpyrrolidone | 60 mg |
| sodic carboxymethylcellulose | 50 mg |
| colloidal silica | 6 mg |
| lubricant | 4 mg |
| sweetener | 25 mg |
| aroma | 15 mg |
| magnesium trisilicate | 50 mg |
| Total | 990 mg |

The said tablet is prepared as follows.

The paracetamol crystals are introduced in a fluidized air bed installation and a solution of ethylcellulose in an etha- nol/acetone mixture is sprayed thereon.

The excipients are sieved and the coated paracetamol is homogeneized with the excipients inside a mixing device under dry conditions.

Distribution and tabletting are carried out on a compress- ing machine fitted with punches having a diameter equal to 15 mm and a radius of curvature equal to 20 mm.

The pressure is equal to 16 KNewtons ±1. The hardness of the thus obtained tablets is equal to 100 Newtons ±10. The time of disintegration in the mouth is from 35 to 45 seconds.

5,464,632

| 5 | 6 |

**EXAMPLE 2**

Rapidly disintegratable multiparticulate tablet based on coated cimetidine crystals.

Tablets according to the invention are prepared whose composition is as follows.

| Formula: | |
| --- | --- |
| coated cimetidine (with 15.25% of Eudragit E) | 944 mg |
| reticulated polyvinylpyrrolidone | 89 mg |
| magnesium stearate | 5 mg |
| sweetener | 50 mg |
| aroma | 12 mg |
| Total | 1100 mg |

The said tablet is prepared as follows.

The cimetidine crystals are introduced in a fluidized air bed installation and a solution of a copolymer of dimethyl-aminoethyl-methacrylate and of neutral esters of methacrylic acid known under the trademark "Eudragit E" in alcohol is sprayed thereon.

The excipients are sieved and the coated cimetidine is homogenized with the excipients inside a mixing apparatus under dry conditions.

Distribution and tabletting are executed on a compressing machine equipped with punches having a diameter equal to 16 mm and a radius of curvature equal to 20 mm.

The pressure is 20 KNewtons ±1. The hardness of the thus obtained tablets is 95 Newtons ±10. The time of disintegration in the mouth is from 15 to 20 seconds.

**EXAMPLE 3**

Rapidly disintegratable multiparticulate tablet based on coated crystals of paracetamol.

Tablets according to the invention composed as follows are prepared.

| Formula: | |
| --- | --- |
| complex of paracetamol-codeine (30 mg of codeine and 18.4% of Eudragit*) | 627.5 mg |
| reticulated polyvinylpyrrolidone | 90 mg |
| sodium carboxymethylcellulose | 70 mg |
| starch commercialized under the trademark "STARCH 1500" | 100 mg |
| sweetener | 40 mg |
| aroma | 22.5 mg |
| Total | 950 mg |

*Eudragit is a copolymer of methacrylic acid

This tablet is prepared as follows.

The crystals of paracetamol are introduced in a fluidized air bed installation and the codeine dissolved in a solution of Eudragit E and Eudragit NE 30D (neutral polymer of esters of polymethacrylic acid) is sprayed thereon.

The excipients are sieved and the coated paracetamol is homogenized with the excipients in a mixing apparatus under dry conditions.

Distribution and tabletting are carried out on a compressing machine equipped with punches having a diameter equal to 16 mm and a radius of curvature equal to 20 mm.

The pressure is 21 KNewtons ±1. The hardness of the thus obtained tablets is 35 Newtons ±5. The time of disintegration in the mouth is from 50 to 60 seconds.

**EXAMPLE 4**

Rapidly disintegratable multiparticulate tablet based on coated crystals of ibuprofen

Tablets according to the invention and whose composition is as follows are prepared.

| Formula: | |
| --- | --- |
| ibuprofen (with 10% of ethylcellulose) | 440 mg |
| reticulated polyvinylpyrrolidone | 120 mg |
| starch commercialized under the trademark "STARCH 1500" | 235 mg |
| sweetener | 48 mg |
| aroma | 52 mg |
| magnesium stearate | 5 mg |
| Total | 900 mg |

This tablet is prepared as follows.

The crystals of ibuprofen are introduced in a fluidized air bed installation and a solution of ethylcellulose in ethanol is sprayed thereon.

The excipients are sieved and the coated ibuprofen is homogenized with the excipients in a mixing apparatus under dry conditions.

Distribution and tabletting are carried out on a compressing machine equipped with punches having a diameter equal to 16 mm and a radius of curvature equal to 20 mm.

The pressure is 15 KNewtons ±1. The hardness of the thus obtained tablets is 50 Newtons ±5. The time of disintegration in the mouth is from 15 to 20 seconds.

**EXAMPLE 5**

Rapidly disintegratable multiparticulate tablet based on microgranules.

| Formula: | |
| --- | --- |
| microgranules with delayed release based on doxycycline monohydrate (with 100 mg of active principle) | 225 mg |
| microcrystalline cellulose | 142 mg |
| starch commercialized under the trademark "SEPPISTAB ST 500" | 98 mg |
| aspartam | 20 mg |
| aroma | 15 mg |
| Total | 500 mg |

The microgranules are prepared in a pan by coating a neutral sugar sphere with doxycycline according to the classical technology, the microgranules being then coated with Eudragit E also in coating pan.

The tablet is prepared by sieving of the excipients, followed by homogeneization of the microgranules of doxycycline with the excipients in a mixing apparatus under dry conditions, followed by distribution and tabletting in a rotary compressing machine equipped with punches having a diameter equal to 12 mm and radius of curvature is equal to 11 mm.

5,464,632

7

The pressure is 20 KNewtons ±1. The hardness of the thus obtained tablets is 100 Newtons ±10. The time of disintegration in the mouth is from 10 to 20 seconds.

As a result of which we have a rapidly disintegratable multiparticulate tablet, the constitution and method of manufacture of which are sufficiently disclosed above, such that it would be useless to repeat this subject and about which it is recalled that

it consists of a tablet which combines a high level technology (control of release, of gastroresistance, of taste-masking of the active principle) with a high security of use due to its multiparticulate form by way of the coating during the process of manufacture and to the fact that its disintegration occurs in the mouth,

it constitutes an ambulatory form which can be adapted to a great number of active principles and to high dosages, which did not previously exist,

it offers a high facility of use, as the same pharmaceutical form can be disintegrated within the mouth, in a glass of water or in liquid or semi-liquid food, as for example, in yoghourt for children or infants, or in food for animals in connection with its use in the veterinary field,

it consists of a single and same pharmaceutical form which can be prescribed to people requiring different strengths; thus, it can be used in connection with an active principle given at its maximum dose and manufactured in a divisible shape at one or several scored places in such a manner that it can be administered in totality or according to the age or the symptoms of the patient, in the form of a divisible part depending upon the shape of the punch, it being emphasized that it was not obvious to obtain a divisible multiparticulate tablet,

it consequently consists of a pharmaceutical form which is suitable to everybody because it offers a great variety of means for administration and of dosages, which represents a definite economical advantage.

The fact that a single product permits, on the one hand, ways of administration normally permitted by several pharmaceutical forms and that, on the other hand, it gives rise to several posologies normally obtained by the creation of various strengths (tablets or capsules of different concentrations for example) constitutes an economical advantage of primary importance.

In fact from the industrial point of view, this means a single line production instead of several lines production each corresponding to each strength selected and to each pharmaceutical form selected.

We claim:

1. A rapidly disintegratable tablet for oral administration with or without the use of water, said tablet comprising an active substance and a mixture of excipients, wherein said active substance is multiparticulate and in the form of coated microcrystals, coated microgranules or uncoated microgranules and wherein said mixture of excipients comprises excipients which are responsible for the disintegration, said tablet being intended to be swallowed said disintegration occurring in less than sixty seconds under the action of the excipients which are responsible for the disintegration and which are selected from the group consisting at least one disintegrating agent and at least one swelling agent.

2. The tablet of claim 1, wherein the active substance is in the form of coated microcrystals and is selected from the group consisting of gastrointestinal sedatives, antacids, analgesics, anti-inflammatory agents, coronary vasodilators, peripheral and brain-vasodilators, anti-infectious agents,

8

antibiotics, antiviral agents, antiparasitic agents, anticancerous drugs, antianxiety agents, neuroleptic drugs, agents stimulating the central nervous systems, antidepressant drugs, antihistaminic agents, antidiarrheal agents, laxatives, nutritional supplements, immunodepressant drugs, cholesterol lowering agents, hormones, enzymes, antispasmodic agents, antiangorous agents, drugs acting on the rhythm of the heart, drugs used in the treatment of arterial hypertension, anti-migraine agents, drugs acting on blood coagulability, anti-epileptic agents, myorelaxing agents, drugs used in the treatment diabetes, drugs used in the treatment of thyroidal dysfunctions, diuretical agents, anorexigenic drugs, anti-asthmatic agents, expectorants, antitussive agents, mucoregulators, decongestants, hypnotics, antinausea agents, hematopoietical agents, uricosuric agents, plant extracts and contrast mediums.

3. The tablet of claim 1, wherein the active substance is in the form of coated microgranules and is selected from the group consisting of gastrointestinal sedatives, antacids, analgesics, anti-inflammatory agents, coronary vasodilators, peripheral and brain-vasodilators, anti-infectious agents, antibiotics, antiviral agents, antiparasitic agents, anticancerous drugs, antianxiety agents, neuroleptic drugs, agents stimulating the central nervous system, anti-depressant drugs, antihistaminic agents, antidiarrheal agents, laxatives, nutritional supplements, immunodepressant drugs, cholesterol lowering agents, hormones, enzymes, anti-spasmodic agents, antiangorous agents, drugs acting on the rhythm of the heart, drugs used in the treatment of arterial hypertension, anti-migraine agents, drugs acting on blood coagulability, anti-epileptic agents, myorelaxing agents, drugs used in the treatment of diabetes, drugs used in the treatment of thyroidal dysfunctions, diuretical agents, anorexigenic drugs, anti-asthmatic agents, expectorants, antitussive agents, mucoregulators, decongestants, hypnotics, antinausea agents, hematopoietical agents, uricosuric agents, plant extracts and contrast mediums.

4. The tablet of claim 1, wherein the mixture of excipients comprises at least one disintegrating agent selected from the group consisting of carboxymethylcellulose, insoluble reticulated PVP type and at lest one swelling agent selected from the group consisting of starch, modified starch and microcrystalline cellulose.

5. The tablet of claim 1, wherein the mixture of excipients comprises at least one disintegrating agent selected from the group consisting of carboxymethylcellulose and insoluble reticulated PVP, and at least one swelling agent selected from the group consisting of starch, modified starch and microcrystalline cellulose and a direct compression sugar.

6. The tablet of claim 1, wherein the active substance is in the form of uncoated microgranules and is selected from the group consisting of gastrointestinal sedatives, antacids, analgesics, anti-inflammatory agents, coronary vasodilators, peripheral and brain-vasodilators, anti-infectious agents, antibiotics, antiviral agents, antiparasitic agents, anticancerous drugs, antianxiety agents neuroleptic drugs, agents stimulating the central nervous system anti-depressant drugs antihistaminic agents, antidiarrheal agents, laxatives, nutritional supplements, immunodepressant drugs, cholesterol lowering agents, hormones, enzymes, anti-spasmodic agents, antiangorous agents, drugs acting on the rhythm of the heart, drugs used in the treatment of arterial hypertension, anti-migraine agents, drugs acting on blood coagulability, anti-epileptic agents, myorelaxing agents, drugs used in the treatment of diabetes, drugs used in the treatment of thyroidal dysfunctions, diuretical agents, anorexigenic drugs, anti-asthmatic agents, expectorants, antitussive agents, mucoregulators, decongestants, hypnotics, anti-nausea agents, hematopoietical agents, uricosuric agents, plant extracts and contrast mediums.

*  *  *  *  *

## UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.   :  5,464,632
DATED        :  November 7,1995
INVENTOR(S) :  Gerard Cousin et al

It is certified that error appears in the above-indentified patent and that said Letters Patent is hereby corrected as shown below:

Column 7, claim 1, line 61, add   "of" after consisting.

**Signed and Sealed this**

**Seventh Day of January, 1997**

*Attest:*

**BRUCE LEHMAN**

*Attesting Officer*                    *Commissioner of Patents and Trademarks*

(12) **REEXAMINATION CERTIFICATE** (4273rd)

# United States Patent
Cousin et al.

(10) **Number:**        US 5,464,632 C1

(45) **Certificate Issued:**       Feb. 20, 2001

(54) **RAPIDLY DISINTEGRATABLE MULTIPARTICULAR TABLET**

(75) Inventors: **Gérard Cousin**, Gallardon; **Etienne Bruna**, Chartres; **Edouard Gendrot**, Vernouillet, all of (FR)

(73) Assignee: **Laboratoires Prographarm**, Chateaueuf-en-Thymerals (FR)

**Reexamination Request:**
No. 90/005,207, Dec. 31, 1999

**Reexamination Certificate for:**

Patent No.:      5,464,632
Issued:      Nov. 7, 1995
Appl. No.:      08/346,324
Filed:      Nov. 29, 1994

Certificate of Correction issued Dec. 12, 1996

**Related U.S. Application Data**

(63) Continuation of application No. 08/035,355, filed on Mar 22, 1993, now abandoned

(30) **Foreign Application Priority Data**

Jul. 22, 1991    (FR) .................................... 91 09245

(51) Int. Cl.$^7$ ............................................ A61K 9/20
(52) U.S. Cl. ........................ 424/465; 424/489; 424/490; 424/495; 424/497
(58) Field of Search ........................... 424/465, 489, 424/490, 495, 497

(56)        **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 2,887,437 | 5/1959 | Klioze et al. |
| 3,488,418 | 1/1970 | Holliday et al. |
| 3,524,190 | 8/1970 | Holliday et al. |
| 3,882,228 | 5/1975 | Boncey et al. |
| 4,016,254 | 4/1977 | Seager. |
| 4,017,598 | 4/1977 | Ohno et al. |
| 4,371,516 | 2/1983 | Gregory et al. |
| 4,547,359 | 10/1985 | Zierenberg et al. |
| 4,574,080 | 3/1986 | Roswall et al. |
| 4,666,703 | 5/1987 | Kopf |
| 4,687,662 | 8/1987 | Schobel. |
| 4,710,384 | 12/1987 | Rotman. |
| 4,760,093 | 7/1988 | Blank et al. . |
| 4,832,956 | 5/1989 | Gergley et al. |
| 4,851,226 | 7/1989 | Julian et al |
| 4,867,987 | 9/1989 | Seth. |
| 4,874,614 | 10/1989 | Becker. |
| 4,886,669 | 12/1989 | Ventouras . |
| 4,904,477 | 2/1990 | Ho et al. |
| 4,915,953 | 4/1990 | Jordan et al. . |
| 4,940,588 | 7/1990 | Sparks et al. . |
| 5,047,247 | 9/1991 | Milovac et al |
| 5,073,374 | 12/1991 | McCarty . |
| 5,073,377 | 12/1991 | Alexander et al . |
| 5,178,878 | 1/1993 | Wehling et al . . |
| 5,198,228 | 3/1993 | Urban et al . . |
| 5,215,756 | 6/1993 | Gole et al . |
| 5,629,016 | 5/1997 | Fielden et al |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| 49161/85 | 10/1985 | (AU) . |
| 79507/87 | 10/1987 | (AU) . |
| 33946/89 | 5/1989 | (AU) . |
| 66012/90 | 9/1990 | (AU) . |
| 72560/91 | 2/1991 | (AU) . |
| 003589 A2 | 2/1979 | (EP) . |
| 196546 A2 | 2/1979 | (EP) . |
| 207041 A2 | 6/1986 | (EP) . |
| 250648 A2 | 12/1986 | (EP) . |
| 250648 A3 | 12/1986 | (EP) . |
| 255002 A1 | 7/1987 | (EP) . |
| 266113 | 10/1987 | (EP) . |
| 273005 A1 | 11/1987 | (EP) . |
| 281200 A1 | 2/1988 | (EP) . |
| 313328 A1 | 10/1988 | (EP) . |
| 347767 A1 | 6/1989 | (EP) . |
| 350701 | 6/1989 | (EP) . |
| 408273 A1 | 7/1990 | (EP) . |
| 1134097 | 1/1968 | (GB) . |
| 1548022 | 7/1979 | (GB) . |
| 2067900 | 1/1980 | (GB) . |
| 2086725 | 11/1980 | (GB) . |
| 2087235 | 11/1980 | (GB) . |
| 2086725 | 8/1985 | (GB) . |
| WO91/04757 | 4/1991 | (WO) . |
| WO91/16043 | 10/1991 | (WO) . |

OTHER PUBLICATIONS

Lehman, K., "Formulation of Controlled Release Tablets with Acrylic Resins" Acta Pharma Fenn. 93, pp. 55–74 (1984).

Lehman, K O R, "Chemistry & Application Properties of Polymethacrylate Coating Systems" in Aqueous Polymeric Coatings for Pharmaceutical Dosage Forms (J.W. McGinity, ed.) pp. 222–234, Marcel Dekker Inc., New York (1989).

Butterworth's Medical Dictionary, 2nd Edition (1978) Butterworths, London, ISBN 0 407 00193 X; p. 1449.

Remington's Pharmaceutical Sciences, 18th Edition (1990) "Disintegrants", Mack Publishing Co, ISBN 0–912734–04–3, p. 1637.

Remington's Pharmaceutical Sciences, Mack Publishing Co. pp. 1604–1605 (1975).

Pharmaceutical Dosage Forms, vol 1, ed. Lieberman & Lachman, Marcel Decker, Inc, ISBN 0–8247–6918–X (1980), pp 72–88, 135–136, 289–294.

J. Putter, Med Welt, Bd 27/Heft 28, pp 1362–1365 (1976) (and English Translation).

Rote Liste 1982, 78 002 (and English Translation).

Beipackzettel Colfarit, Sep. 1987 (and English Translation).

(List continued on next page.)

*Primary Examiner*—Thurman K. Page

(57)        **ABSTRACT**

Rapidly disintegratable multiparticulate tablet the excipient mixture of which is suitable for imparting a disintegration rate such that the tablet disintegrates in the mouth in an extremely short time, notably in less than sixty seconds, characterized by the fact that the active substance is present in the form of coated microcrystals or coated or uncoated microgranules

**US 5,464,632 C1**
Page 2

OTHER PUBLICATIONS

Auszug aus der Herstellungvorschrift fur Colfarit, gutig ab Jun. 19, 1990 with the abstract Apr. 3, 1991 gutigen Zerfallstest (and English Translation).

"Tablettieren" "verpressen von uberzognen Partikein zu zerfallenden Tabletten mit knotrollerter Wirkstoffabgabe" of May 9–May 11, 1990 (and English Translation).

Duchene, D. "Tablet disintegration" in Topics in Pharmaceutical Sciences, (1983), (D.D. Bremer and P. Speiser, eds) p. 387–399, Elsevier Science Publishers, Amsterdam, New York and Oxford (and English Translation).

The Theory & Practice of Industrial Pharmacy, Lea & Febiger, pp. 320–321,, 325–328, 412–429 (1986).

Merck Index, pp. 6, 114, 156, 247, 248, 649 1109 (1976)

Saki, A, and Oyola, J.R. (1986) "Some Factors Affecting the Dissolution of Microencapsulated Potassium Chloride in Directly Compressed Tablets"Pharm, Ind. 48, 92–94 (Saki).

Seager, H. (1977), "Spray–Coating Bulk Drugs aids Dosage Form Production", Manufacturing Chemist and Aerosol News, Apr. 1977, 25–35 (Seager).

Lang, S., (1982), "Developments in Tablet Disintegrants", Manufacturing Chemist, Mar. 1982, pp. 31–33 (Lang)

Wan, L.S.C. and Prasad, K.P.P. (1988), "Effect of Microcrystalline Cellulose and Cross–Linked Sodium Carboxymethylcellulose on the Properties of Tablets with Methyl Cellulose as a Binder", International Journal of Pharmaceutics, 41, 159–167 (Wan)

US 5,464,632 C1

**1**

# REEXAMINATION CERTIFICATE ISSUED UNDER 35 U.S.C. 307

### THE PATENT IS HEREBY AMENDED AS INDICATED BELOW.

**Matter enclosed in heavy brackets [ ] appeared in the patent, but has been deleted and is no longer a part of the patent; matter printed in italics indicates additions made to the patent.**

AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT:

Claim 6 is cancelled.

Claims 1 and 4 are determined to be patentable as amended.

Claims 2, 3, 5, dependent on an amended claim, are determined to be patentable.

1. A rapidly disintegratable tablet for oral administration [with or] *and disintegration in the buccal cavity* without the use of water, *wherein* said tablet [comprising] *comprises* an

**2**

active substance and a mixture of *non-effervescent* excipients [wherein said active substance is] *and permits to obtain reduced ph influence in the digestive tract and reduced influence of viscosity, said active substance being* multiparticulate and in the form of coated microcrystals, *or* coated microgranules [or uncoated microgranules] and wherein said mixture of excipients comprises [excipients which are responsible for the disintegration, said tablet being intended to be swallowed said disintegration occurring in less than sixty seconds under the action of the excipients which are responsible for the disintegration and which are selected from the group consisting at least one ] *a* disintegrating agent and [at least one] swelling agent *which are responsible for the disintegration of the tablet with the saliva present in the mouth, to achieve in less than 60 seconds a suspension easy to swallow.*

4. The tablet of claim 1, wherein the mixture of excipients comprises [wherein said active substance is] at least one disintegrating agent selected from the group consisting of carboxymethylcellulose, insoluble reticulated PVP [type] and at [lest] *least* one swelling agent selected from the group consisting of starch, modified starch and microcrystalline cellulose.

* * * * *

JS 44 (Rev 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provide by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiatin the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

## I. (a) PLAINTIFFS

ETHYPHARM, S A

(b)  County of Residence of First Listed Plaintiff _____
        (EXCEPT IN U S PLAINTIFF CASES)

(c)  Attorney's (Firm Name, Address, and Telephone Number)
Frederick L. Cottrell, III
Anne Shea Gaza, Esquire
Richards, Layton & Finger
One Rodney Square - P O  Box 551
Wilmington, DE 19899
302-651-7700

## DEFENDANTS

BARR LABORATORIES, INC  and BARR PHARMACEUTICALS, INC.

County of Residence of First Listed Defendant _____
(IN U S  PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

O 1  U.S. Government
       Plaintiff

O 2  U.S. Government
       Defendant

● 3  Federal Question
       (U S  Government Not a Party)

O 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                                     and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | O 1 | Incorporated or Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT

O 110 Insurance
O 120 Marine
O 130 Miller Act
O 140 Negotiable Instrument
O 150 Recovery of Overpayment
    & Enforcement of Judgment
O 151 Medicare Act
O 152 Recovery of Defaulted
    Student Loans
    (Excl  Veterans)
O 153 Recovery of Overpayment
    of Veteran's Benefits
O 160 Stockholders' Suits
O 190 Other Contract
O 195 Contract Product Liability
O 196 Franchise

### REAL PROPERTY

O 210 Land Condemnation
O 220 Foreclosure
O 230 Rent Lease & Ejectment
O 240 Torts to Land
O 245 Tort Product Liability
O 290 All Other Real Property

### TORTS

#### PERSONAL INJURY
O 310 Airplane
O 315 Airplane Product
    Liability
O 320 Assault, Libel &
    Slander
O 330 Federal Employers'
    Liability
O 340 Marine
O 345 Marine Product
    Liability
O 350 Motor Vehicle
O 355 Motor Vehicle
    Product Liability
O 360 Other Personal
    Injury

#### PERSONAL INJURY
O 362 Personal Injury -
    Med. Malpractice
O 365 Personal Injury -
    Product Liability
O 368 Asbestos Personal
    Injury Product
    Liability

#### PERSONAL PROPERTY
O 370 Other Fraud
O 371 Truth in Lending
O 380 Other Personal
    Property Damage
O 385 Property Damage
    Product Liability

### CIVIL RIGHTS
O 441 Voting
O 442 Employment
O 443 Housing/
    Accommodations
O 444 Welfare
O 445 Amer  w/Disabilities -
    Employment
O 446 Amer  w/Disabilities -
    Other
O 440 Other Civil Rights

### PRISONER PETITIONS
O 510 Motions to Vacate
    Sentence
    Habeas Corpus:
O 530 General
O 535 Death Penalty
O 540 Mandamus & Other
O 550 Civil Rights
O 555 Prison Condition

### FORFEITURE/PENALTY
O 610 Agriculture
O 620 Other Food & Drug
O 625 Drug Related Seizure
    of Property 21 USC 881
O 630 Liquor Laws
O 640 R.R. & Truck
O 650 Airline Regs.
O 660 Occupational
    Safety/Health
O 690 Other

### LABOR
O 710 Fair Labor Standards
    Act
O 720 Labor/Mgmt. Relations
O 730 Labor/Mgmt. Reporting
    & Disclosure Act
O 740 Railway Labor Act
O 790 Other Labor Litigation
O 791 Empl. Ret. Inc
    Security Act

### IMMIGRATION
O 462 Naturalization Application
O 463 Habeas Corpus -
    Alien Detainee
O 465 Other Immigration
    Actions

### BANKRUPTCY
O 422 Appeal 28 USC 158
O 423 Withdrawal
    28 USC 157

### PROPERTY RIGHTS
O 820 Copyrights
● 830 Patent
O 840 Trademark

### SOCIAL SECURITY
O 861 HIA (1395ff)
O 862 Black Lung (923)
O 863 DIWC/DIWW (405(g))
O 864 SSID Title XVI
O 865 RSI (405(g))

### FEDERAL TAX SUITS
O 870 Taxes (U.S. Plaintiff
    or Defendant)
O 871 IRS—Third Party
    26 USC 7609

### OTHER STATUTES
O 400 State Reapportionment
O 410 Antitrust
O 430 Banks and Banking
O 450 Commerce
O 460 Deportation
O 470 Racketeer Influenced and
    Corrupt Organizations
O 480 Consumer Credit
O 490 Cable/Sat TV
O 810 Selective Service
O 850 Securities/Commodities/
    Exchange
O 875 Customer Challenge
    12 USC 3410
O 890 Other Statutory Actions
O 891 Agricultural Acts
O 892 Economic Stabilization Act
O 893 Environmental Matters
O 894 Energy Allocation Act
O 895 Freedom of Information
    Act
O 900 Appeal of Fee
    Determination
    Under Equal Access
    to Justice
O 950 Constitutionality of
    State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

● 1 Original
    Proceeding

O 2 Removed from
    State Court

O 3 Remanded from
    Appellate Court

O 4 Reinstated or
    Reopened

O 5 Transferred from
    another district
    (specify)

O 6 Multidistrict
    Litigation

Appeal to District
O 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U S  Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)

Brief description of cause:    Action for infringement of U.S. Patent No 5,464,632 arising under 35 U S C  §§271 et seq

## VII. REQUESTED IN
COMPLAINT:

O CHECK IF THIS IS A CLASS ACTION

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    O Yes ●No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER: _____

DATE    June 9, 2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG JUDGE_____

RLF1-3290924-1

JS 44 Reverse (Rev. 12/07)

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are

included here. United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in

this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as

the filing date. Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as

the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:    U.S. Civil Statute: 47 USC 553
                                              Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a

preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

RLF1-3290924-1