## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ETHYPHARM, S.A., a French Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-344-SLR |
| | ) | |
| BARR LABORATORIES, INC., a Delaware | ) | |
| Corporation, and BARR PHARMACEUTICALS, | ) | |
| INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANTS BARR LABORATORIES, INC.
### AND BARR PHARMACEUTICALS, INC. AND COUNTERCLAIM BY
### BARR LABORATORIES, INC.

Defendants Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. (collectively "Barr"), Answer the Complaint of Ethypharm, S.A. ("Ethypharm," "Plaintiff", or "Counterdefendant") as follows:

1.    Upon information and belief, based on the allegations of the Complaint, Barr admits that Ethypharm, S.A. is a French Corporation, having a principal place of business at 21 rue Saint Mathhieu 78550, Houdan, France and that Ethypharm is the record owner of U.S. Patent No. 5,464,632 (the "'632 patent"). Barr lacks knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 1 of the Complaint, and therefore denies them.

2.    Barr admits that Barr Pharmaceuticals, Inc. is a Delaware corporation. Barr denies the remaining allegations of paragraph 2 of the Complaint.

3.    Barr admits that Barr Laboratories, Inc. is a Delaware corporation with a place of business in Pomona, New York. Barr denies the remaining allegations of paragraph 3 of the Complaint.

4.    Barr admits that Barr Laboratories, Inc. is a wholly owned subsidiary of Barr Pharmaceuticals, Inc. Barr denies the remaining allegations of paragraph 4 of the Complaint.

5.    Barr denies the allegations of paragraph 5 of the Complaint.

6.    Bar admits that Barr Pharmaceuticals, Inc. owns its subsidiary, Barr Laboratories, Inc., which conducts operations in the United States. Barr denies the remaining allegations of paragraph 6 of the Complaint.

7.    The allegations of paragraph 7 of the Complaint state a legal conclusion to which no response is required. Barr admits that Plaintiffs purport to base their Complaint upon the patent laws of the United States of America, Title 35, United States Code and subject matter jurisdiction on 28 U.S.C. §§1331 and 1338(a). Barr denies the remaining allegations of paragraph 7 of the Complaint.

8.    Barr does not contest in this action that this Court has personal jurisdiction over Barr Pharmaceuticals, Inc. Barr denies the remaining allegations of paragraph 9 of the Complaint.

9.    Barr admits that Barr Laboratories, Inc. and Barr Pharmaceuticals, Inc. transact business in Delaware. Barr denies the remaining allegations of paragraph 9 of the Complaint.

10.    Barr denies the allegations of paragraph 10 of the Complaint.

11.    Barr denies the allegations of paragraph 11 of the Complaint.

12.    The allegations of paragraph 12 of the Complaint state a legal conclusion to which no response is required. Barr denies the allegations of paragraph 12 of the Complaint.

13.    Barr does not contest in this action that this Court has personal jurisdiction over Barr Laboratories, Inc. Barr denies the remaining allegations of paragraph 13 of the Complaint.

14.    The allegations of paragraph 14 of the Complaint state a legal conclusion to which no response is required. Barr admits that Plaintiffs purport to base their choice of venue on 28 U.S.C. §§ 1391(b),(c) and (d), and 1400(b) and does not contest venue in this action.

15.    Barr admits that U.S. Patent No. 5,464,632 (the "'632 patent") is entitled "Rapidly Disintegrable Multiparticular Tablet", recites on its face Gerard Cousin, Etienne Bruna, and Edouard Gendrot as named inventors, and that it states on its face that it issued on November 7, 1995. Barr admits that the assignee listed on the face of the '632 patent is Laboratories Prographarm and that Ethypharm is the current record owner of the '632 patent. Barr admits that the USPTO issued a Reexamination Certificate for the '632 patent on February 21, 2001 and that a copy of the '632 patent with the Reexamination Certificate is attached as Exhibit A. Barr lacks knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 15 of the Complaint, and therefore denies them.

16.    On information and belief, Barr admits that the FDA approved New Drug Application ("NDA") No. 21-428 for lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg, on August 30, 2002. Barr lacks knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 16 of the Complaint, and therefore denies them.

17.    Barr admits that the '632 patent is listed in the Orange Book for lansoprazole delayed release orally disintegrating tablets. Barr lacks knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 17 of the Complaint, and therefore denies them.

18.    Barr denies the allegations of paragraph 18 of the Complaint.

19.     Barr admits that Barr Laboratories, Inc. filed an ANDA seeking approval to market lansoprazole delayed release orally disintegrating tablets after concluding that it was appropriate to do so.  Barr otherwise denies the allegations of paragraph 19 of the Complaint.

20.     Barr denies the allegations of paragraph 20 of the Complaint.

21.     Barr admits that Barr Laboratories, Inc. submitted ANDA No. 90-152 seeking approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrable tablets prior to the expiration of the '632 patent.  Bar denies the remaining allegations of paragraph 21 of the Complaint.

22.     Barr admits the allegations of paragraph 22 of the Complaint.

23.     Barr admits that Barr Laboratories, Inc. filed ANDA No. 90-152 and that ANDA 90-152 contains a Paragraph IV certification.  Barr denies the remaining allegations of paragraph 23 of the Complaint.

24.     Barr admits the Barr Laboratories, Inc. was aware of the '632 patent when it filed ANDA No. 90-152 and that ANDA 90-152 contains a Paragraph IV certification.  Barr denies the remaining allegations of paragraph 24 of the Complaint.

25.     The allegations of paragraph 25 of the Complaint state a legal conclusion to which no response is required.  Barr lacks knowledge and information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint, and therefore denies them.

26.     Barr admits that Barr Laboratories, Inc. continues to seek approval of ANDA No. 90-152.  Barr denies the remaining allegations of paragraph 26 of the Complaint.

27.     Barr repeats and reasserts the response to each allegation set forth in paragraph 1 through 26 as if fully set forth herein.

28.     Barr denies the allegations of paragraph 28 of the Complaint.

29.    Barr denies the allegations of paragraph 29 of the Complaint.

30.    Barr admits that Barr Laboratories, Inc. was aware of the '632 patent prior to the filing of ANDA No. 90-152. Barr denies the remaining allegations of paragraph 30 of the Complaint.

31.    Barr denies the allegations of paragraph 31 of the Complaint.

32.    Barr denies the allegations of paragraph 32 of the Complaint.

33.    Barr denies the allegations of paragraph 33 of the Complaint.

34.    Barr repeats and reasserts the response to each allegation set forth in paragraph 1 through 33 as if fully set forth herein.

35.    Barr denies the allegations of paragraph 35 of the Complaint.

36.    Barr denies the allegations of paragraph 36 of the Complaint.

37.    Barr denies the allegations of paragraph 37 of the Complaint.

38.    Barr denies the allegations of paragraph 38 of the Complaint.

39.    Barr denies the allegations of paragraph 39 of the Complaint.

## DEFENSES

### FIRST DEFENSE
### (Non-infringement of the '632 Patent)

40.    The manufacture, use, sale, offer for sale, or importation into the United States of lansoprazole delayed release orally disintegrating tablets made according to ANDA 90-152 will not infringe any valid, enforceable claim of the '632 patent.

### SECOND DEFENSE
### (No Inducement of Infringement of the '632 Patent)

41.    Barr Pharmaceuticals, Inc. has not induced, is not inducing, and will not induce any infringement of the '632 patent.

### THIRD DEFENSE
### (Invalidity of the '632 Patent)

42.     The claims of the '632 patent are invalid for failure to comply with one or more of

the conditions for patentability as specified in Title 35 U.S.C. §§ 1 *et seq.*

### FOURTH DEFENSE
### (Failure to State a Claim)

43.     The Complaint fails to state a claim against Defendants upon which relief may be

granted.

### FIFTH DEFENSE
### (Lack of Subject Matter Jurisdiction)

44.     The Complaint fails to establish subject matter jurisdiction over Barr

Pharmaceuticals, Inc.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

### Jurisdiction and Venue

45.     This counterclaim by Barr Laboratories, Inc. ( "Counterclaimant") arises under

the Declaratory Judgment Act and the Patent Laws of the United states, more particularly under

28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. §§ 1 *et seq.*, respectively. This Court has subject

matter jurisdiction pursuant to 29 U.S.C. §§ 1338 and 2201. Venue is proper under 28 U.S.C. §§

1391 and 1400(b), and by the Counterdefendant's choice of forum.

46.     Actual and justiciable controversy exists between Counterclaimants and

Counterdefendants as to the infringement and validity of the patents in suit, as evidenced, *inter*

*alia*, by the Complaint and Answer in this action.

### The Parties

47.     Barr Laboratories, Inc. is a Delaware corporation with a place of business at 223

Quaker Road, Pomona, New York 10970.

48.     Upon information and belief, based on the allegations in the Complaint, Ethypharm, S.A. is a French Corporation, having a principal place of business at 21 rue Saint Mathhieu 78550, Houdan, France.

**The Controversy**

49.     Upon information and belief, the '632 patent was issued by the USPTO on November 7, 1995.

50.     Upon Information and belief, based upon the allegations of in the Complaint, Ethypharm is the current record owner of the '632 patent.

51.     Upon information and belief, and based upon the allegations in the Complaint, the USPTO issued a Reexamination certificate for the '632 patent on February 20, 2001.

52.     Barr Laboratories, Inc. submitted ANDA 90-152 with the FDA under 21 U.S.C. § 355(j), seeking approval for the manufacture, use, sale, offer for sale, and importation into the United States of generic lansoprazole delayed release orally disintegrating tablets containing 15 and 30 mg of lansoprazole.

53.     ANDA 90-152 contains a statement that in the applicant's opinion and to the best of its knowledge, the '632 patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, sale, offer for sale, or importation into the United States of applicant's lansoprazole delayed release orally disintegrating tablets.

54.     In a letter dated April 24, 2008, Barr Laboratories, Inc. notified Ethypharm that the FDA had received an ANDA with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(Vii)(IV). This letter was delivered to the Counterdefendant.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '632 Patent

55.    Barr repeats and reasserts paragraphs 45 through 54 as if fully set forth herein.

56.    The manufacture, use, sale, offer for sale, or importation into the United States of lansoprazole delayed-release orally disintegrating tablets made pursuant to ANDA no. 90-152 shall not constitute infringement of the '632 patent.

## COUNT II

### Declaratory Judgment of Invalidity of the '632 Patent

57.    Barr repeats and reasserts paragraphs 45 through 56 as if fully set forth herein.

58.    The claims of the '632 patent are invalid for failure to comply with the conditions for patentability as specified in Title 35 U.S.C. §§ 1 *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray the Court enter judgment against Plaintiffs:

A.    Denying all relief sought in the Complaint and dismissing the Complaint with prejudice;

B.    Declaring the claims of the '632 patent are invalid;

C.    Declaring the claims of the '632 patent are not, and will not be, infringed by the manufacture, use, sale, offer for sale, and/or importation of lansoprazole delayed release orally disintegrating tablets pursuant to ANDA 90-152;

D.    Declaring that Barr Pharmaceuticals, Inc. has not and will not induce infringement of the claims of the '632 patent;

E.    Enjoining Plaintiff/Counterdefendant, their assigns, and all those in privity

therewith from asserting the '632 patent against Defendants/Counterclaimant or

any of their customers or suppliers;

F.    Declaring that there is no subject matter jurisdiction over Barr Pharmaceuticals,

Inc.

G.    Awarding Defendants/Counterclaimant their attorneys' fees pursuant to 35 U.S.C.

§ 285, and their costs and expenses; and

H.    Awarding Defendants/Counterclaimant such other and further relief as may be

just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:                               By:  /s/ Richard L. Horwitz
                                                Richard L. Horwitz (#2246)
Thomas J. Meloro                                David E. Moore (#3983)
Michael W. Johnson                              Hercules Plaza 6th Floor
Colman B. Ragan                                 1313 N. Market Street
Kathryn M. Fugina                               P.O. Box 951
Willkie Farr & Gallagher LLP                    Wilmington, DE  19899
787 Seventh Avenue                              Tel:  (302) 984-6000
New York, N.Y.  10019-6099                      rhorwitz@potteranderson.com
Tel:  (212) 728-8000                            dmoore@potteranderson.com

Dated:  June 30, 2008                     *Attorneys for Defendants*
872102 / 33171                            *Barr Laboratories, Inc. and*
                                          *Barr Pharmaceuticals, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on June 30, 2008, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

following registered attorney(s) of record that the document has been filed and is available for

viewing and downloading.

I further certify that on June 30, 2008, the attached document was Electronically Mailed

to the following person(s):

Frederick L. Cottrell, III
Anne Shea Gaza
RICHARDS LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Cottrell@rlf.com
gaza@rlf.com

Paul A. Ragusa
Lisa B. Kole
Sandree Lee
Jennifer Cozeolino
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, NY 10112
Paul.ragusa@bakerbotts.com
Lisa.kole@bakerbotts.com
Sandra.lee@bakerbotts.com
Jennifer.cozeolino@bakerbotts.com

By:   /s/ Richard L. Horwitz
      Richard L. Horwitz
      David E. Moore
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      Wilmington, Delaware 19899-0951
      (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

869162 / 33171 / Ethypharm