# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

MARY B. GRAHAM
(302) 351-9199
mgraham@mnat.com

September 2, 2008

## BY ELECTRONIC FILING

The Honorable Sue L. Robinson
United States District Court
Federal Building
844 North King Street
Wilmington, DE 19801

Re:    *Takeda Pharmaceutical Company Limited, et al. v. Barr Laboratories, Inc.*
C.A. No. 08-339 (SLR)

*Ethypharm, S.A. v. Barr Laboratories, Inc., et al.*
C.A. No. 08-344 (SLR)

Dear Judge Robinson:

Attached is the scheduling order reflecting the dates as set in the scheduling teleconference of August 28, 2008. All parties have approved the form of this order.

Respectfully,

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

MBG/dam
Enclosure
cc:    David E. Moore, Esq.
Anne S. Gaza, Esq.
2468308

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED,<br>TAKEDA PHARMACEUTICALS NORTH AMERICA, INC.<br>TAKEDA PHARMACEUTICALS LLC, and<br>TAKEDA PHARMACEUTICALS AMERICA, INC. | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C.A. No. 08-339-SLR |
| BARR LABORATORIES, INC., | ) ) ) | |
| Defendants. | ) ) ) ) | |

| | | |
|---|---|---|
| ETHYPHARM, S.A., a French Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C.A. No. 08-344-SLR |
| BARR LABORATORIES, INC., a Delaware Corporation, and<br>BARR PHARMACEUTICALS, INC., a Delaware<br>Corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

**O R D E R**

At Wilmington this ___ day of September, 2008, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference on August 28, 2008, pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures**.  The parties will exchange by September 30, 2008

the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2.    **Discovery.**

   (a)    Discovery will be needed on the following subjects:

      (1)    Infringement or non-infringement of the patents-in-suit;

      (2)    Validity or invalidity of the patents-in-suit;

      (3)    Any other claims, counterclaims, and/or defenses; and

      (4)    Discovery also may be needed for additional subjects for other claims, counterclaims, or defenses to the extent that they may be asserted during discovery.

   (b)    All fact discovery shall be commenced in time to be completed by July 31, 2009.

      (1)    Document production shall be completed on or before February 20, 2009.

      (2)    Maximum of 35 interrogatories including subparts per side.

      (3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

      (4)    Maximum of 75 requests for admissions per side.

      (5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)    Maximum of 120 hours per side for fact depositions. Each fact deposition is limited to a maximum of 7 hours per deposition, unless extended by agreement of parties. Depositions that require interpretation are limited to a maximum of 14 hours, unless extended by agreement of parties.

(c)    Expert discovery shall be commenced after the completion of fact discovery and in time to be completed by October 30, 2009.

(1)    Expert reports on issues for which the parties have the burden of proof are due August 28, 2009. Rebuttal expert reports are due September 25, 2009.

(2)    Expert depositions are to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties.

(3)    All Daubert motions shall be filed after completion of trial in post-trial briefing.

(d)    If Defendants intend to rely on advice of counsel for any purpose, including without limitation as a defense to willfulness, exceptional case, or inducement, Defendants must so inform Plaintiffs by April 30, 2009. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendant to their counsel and whatever other materials related to the issues in dispute that Defendants had in their possession at the time the advice was sought.

(e)    Supplementations under Rule 26(e) due as required by that rule.

(f)    **Discovery Disputes.**

(1)    The court shall conduct an in-person discovery status conference on February 19, 2009 at 4:30 p.m., the time to be allocated equally among the parties. **No motions to compel or motions for protective order shall be filed absent approval of the court.**

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.**  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.      **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before March 27, 2009.

4.      **Settlement Conference.**  Pursuant to 28 U.S.C. § 636 and to the extent the parties believe it may be beneficial, this matter is referred a to Magistrate Judge for the purposes of exploring ADR.

5.      **Claim Construction Issue Identification.**  If the court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on November 2, 2009.  This document will not be filed with the court.

4

Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6.    **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement contemporaneous with the Pretrial Order, with the claim chart separately docketed.  The parties will file simultaneous opening claim construction briefs on November 20, 2009.  Simultaneous response briefs shall be filed by December 22, 2009.  Issues of claim construction shall be considered by the court in conjunction with trial.

7.    **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)    No telephone calls shall be made to chambers.

(c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

8.    **Motions in Limine.**  No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9.    **Pretrial Conference.**  A pretrial conference will be held on February 9, 2010 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

10.    **Trial.**  This matter is scheduled for a two week bench trial commencing on March 2, 2010 at 9:30 a.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

## ADDITIONAL PROVISIONS TO SCHEDULING ORDER

1.  DISCOVERY:  The parties agree that attorney-work product and attorney-client privileged materials created by counsel after the service of the Paragraph IV Certification letter for ANDA No. 90-152 by Barr Laboratories on Takeda Pharmaceutical Company Limited and TAP Pharmaceutical Products Inc. are to be excluded from production and need not be placed on any privilege logs produced in response to any discovery requests with the exception of updates provided to the FDA, communications with the PTO concerning the patents-in-suit, and any communications with any court or any opposing party in a civil action regarding the patents-in-suit.

2.  The parties agree that if a witness intends to testify in a language other than English at a deposition or otherwise requires a translator, the party defending the witness will provide the noticing party timely notice in advance of the deposition.  Further, to the extent a witness testifies at deposition in a foreign language, that witness will also testify in that language at trial.

3.  The parties agree to make reasonable efforts to schedule depositions on mutually convenient dates and locations for counsel and witnesses.  Each party agrees to make available for deposition any testifying expert witness at a mutually agreeable location in the United States.  In the absence of agreement, Plaintiffs will make their testifying expert witnesses available for deposition at the New York, NY office of Defendants' counsel and Defendants will make their testifying expert witnesses available for deposition at one of the New York, NY offices of Plaintiffs' counsel.

4.  PROTECTIVE ORDER:  The parties agree that a Protective Order is necessary and appropriate to govern pre-trial matters in the case.  The parties are amenable to

7

preparing a mutually agreeable protective order and will file a motion for entry of protective

order as soon as practicable.

      5. SERVICE: The parties agree to serve papers on each other by emailing a pdf

to all Counsel of Record, excluding large appendices, and by depositing all documents with an

overnight courier on or before the date when such papers are due or are filed with the Court.

Service by overnight courier to Plaintiffs shall be made on Arlene L. Chow at Hogan & Hartson

in New York and Stuart E. Pollack at Patterson Belknap Webb & Tyler in New York, and

service by overnight courier to Defendants shall be made on Michael W. Johnson at Willkie Farr

& Gallagher in New York. All documents shall be concurrently served on each party's local

counsel by the same means. Service by emailing a pdf shall be considered service by hand

delivery for purposes of FRCP 6(e) if the email of the pdf(s) contains the complete document,

including appendices or other attachments. The parties also agree that documents and things

produced pursuant to Rules 26 & 34 of the Federal Rules of Civil Procedure need not be served

in accordance with the earlier provisions of this paragraph and may be provided to the receiving

party in accordance with the terms of those Rules or by any other means mutually agreed upon

by the parties hereto.

      6. Plaintiffs note that on July 18, 2008, Teva Pharmaceutical Industries Ltd.

("Teva") and Barr Pharmaceuticals, Inc. announced that they have signed a definitive agreement

under which Teva will acquire Barr. Teva has announced that it expects the transaction to close

in late 2008. The Plaintiffs also note that Teva is a party in the action captioned *Takeda*

*Pharmaceutical Company Ltd., TAP Pharmaceutical Products Inc., and Ethypharm, S.A. v. Teva*

*Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd.*, C.A. No. 07-331-SLR

involving the same two patents asserted in this case. If the Teva-Barr merger closes, Plaintiffs

will discuss with the Defendants any need which plaintiffs perceive to revisit the terms of this

Scheduling Order.

2468312